UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CHARLES FOGELQUIST, individually and on
behalf of others similarly situated,

                              Plaintiffs,

           V.                                           05 CIV 3927
                                                           (CLB)(GAY)

MALLORY-KOTZEN TIRE CO., INC.

                              Defendant.

## COMPLAINT

### INTRODUCTION

1.     Plaintiff brings this action for unpaid overtime.

### JURISDICTION

2.     Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act, by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce. Jurisdiction over plaintiffs' claims for declaratory relief is conferred by 28 U.S.C. §§2201 and 2202.

3.     This Court has supplemental jurisdiction over the state claim raised by virtue of 28 U.S.C. §1367(a).

### VENUE

4.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1). Upon information and belief, the defendant Corporation resides within this District.

## PARTIES

### A. Plaintiffs

5. The named plaintiff was an employee of defendants. A Consent to Sue is attached at the back of this complaint.

6. Plaintiff was engaged in commerce while working for defendant.

7. The term "plaintiff" as used in this complaint refers to the named plaintiff and all Tire Sales Personnel who are not paid time and one half overtime pay for hours over 40, pursuant to the collective action provision of 29 U.S.C. §216(b).

8. Upon information and belief, defendant regularly engages employees to work on a salary without payment of time and one half overtime premium pay.

### B. Defendant

9. MALLORY-KOTZEN TIRE CO. INC. is a company that sells and installs tires and repairs automobiles.. Upon information and belief the defendant corporation has had gross revenues in excess of $500,000 for all relevant periods herein.

10. Mallory-Kotzen Tire Co., Inc. is located at 2021 Boston Post Rd, Larchmont, NY 10538-3919.

11. Upon information and belief, defendant operates an enterprise engaged in commerce within the meaning of the FLSA.

12. For each of the 3 years preceding the filing of the initial complaint herein, defendant has employed 2 or more individuals "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce."

## FACTS

13. Plaintiff was employed by defendant.

14. Plaintiff's job title was Tire Sales.

15. Plaintiff regularly worked more than 40 hours per week for defendant.

16. Defendant failed to pay plaintiff overtime compensation at the rate of time and one-half for all hours worked over 40.

17. Defendant's failure to pay plaintiff the proper wages required by law was willful.

18. All actions and omissions described in this complaint were made by defendant directly or through its supervisory employees and agents.

## CAUSE OF ACTION
## (OVERTIME)

19. Defendant failed to pay premium overtime wages to the plaintiffs in violation of the Fair Labor Standards Act, 29 U.S.C. §203, 207 et seq. and its implementing regulations.

20. Defendant's failure to comply with the FLSA caused plaintiffs to suffer loss of wages and interest thereon.

21. Defendant failed to pay overtime and minimum wages to the plaintiffs in violation of New York Labor Law Articles 6 and 19 and their implementing regulations, 12 NYCRR §138-2.1 et. seq.

22. Defendant's failure to pay proper overtime wages for each hour worked over 40 per week was willful within the meaning of Labor Law §663.

23. Defendant's failure to comply with the NY Labor Law minimum wage and overtime protections caused plaintiffs to suffer loss of wages and interest thereon.

WHEREFORE, plaintiff request that this Court enter judgment or an order to plaintiff:

A. Declaring that the defendant violated the Fair Labor Standards Act and New York Labor Law, Article 19;

B. Declaring that the defendant's violations of the FLSA and New York Labor Law were willful;

C. Awarding damages for their claims of unpaid wages as secured by the Fair Labor Standards Act as well as an equal amount in liquidated damages;

D. Awarding damages for their claims of unpaid wages as secured by Articles 6 and 19 of the New York Labor Law as well as an additional 25% in liquidated damages;

E. Awarding the plaintiffs' costs, including expert witness expenses, and reasonable attorneys' fees; and

F. Granting such further relief as the Court finds just.

Dated: April 13, 2005

Respectfully Submitted,

*/s/ Dan Getman*

Dan Getman, Esq.
9 Paradies Lane
New Paltz, NY 12561
(845) 255-9370

ATTORNEY FOR PLAINTIFF

complaint 1

# CONSENT TO SUE UNDER THE F.L.S.A.

I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, to secure any unpaid minimum wages, overtime, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Mallory-Kotzen Tire Co., Inc. and any other associated parties.

I authorize Dan Getman Esq., any associated attorneys as well as any successors or assigns, to represent me in such action.

Dated: 4/8/05         Signature: _____
                                  Charles Fogelquist